Keo v. Holder

BIA
Montante, IJ
A079 606 398

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand thirteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
JON O. NEWMAN,
RALPH K. WINTER,
*Circuit Judges*.

_____

NARINN KEO,
*Petitioner*,

v.                                     12-2610
                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Narinn Keo, *pro se.*

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Jennifer
                       Paisner Williams, Senior Litigation
                       Counsel and Tiffany L. Walters,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Narinn Keo, a native and citizen of Cambodia, seeks review of a May 30, 2012, order of the BIA affirming the July 6, 2010, decision of an Immigration Judge ("IJ"), Jr., which denied Keo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Narinn Keo*, No. A079 606 398 (B.I.A. May 30, 2012), *aff'g* No. A079 606 398 (Immig. Ct. Buffalo July 6, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As Keo does not challenge the agency's finding that she failed to establish past persecution, she bears the burden of proving that her fear of persecution is well-founded or clearly probable by showing that she would be singled out

2

individually for persecution or that there exists a pattern or practice of persecution of similarly situated individuals in Cambodia. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008); *accord* 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2). Initially, we decline to take judicial notice of the articles referenced in Keo's petition because they were not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A). Based on that record, the BIA reasonably determined that Keo failed to establish a pattern or practice of persecution because she pointed to no evidence showing the persecution of similarly situated individuals. *See Hongsheng Leng*, 528 F.3d at 142. Moreover, because Keo presented no evidence that anyone in Cambodia is currently looking for her or wishes her harm, her unsupported claim that she may be singled out for persecution is inadequate to establish eligibility for asylum or withholding of removal. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005).

Keo also challenges the agency's denial of CAT relief based on her mental anguish resulting from death threats she received in Cambodia. However, while the regulations governing CAT claims recognize that torture can encompass

3

both physical and mental harm, *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 332 n. 7 (2d Cir. 2007) (en banc) (*citing* 8 C.F.R. § 1208.18(a)(4)), the agency did not err in concluding that Keo failed to meet her burden for CAT relief as she presented no evidence that she, in particular, would be singled out for torture by Cambodian government officials, i.e. *see Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4